Filed 8/12/26  P. v. AplicanoGuevara CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065075 |
| v. | (Super. Ct. No. 20NF3037) |
| RENNER EFRAIN APLICANOGUEVARA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Senior Assistant Attorney General, Eric A. Swenson and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Renner Efrain AplicanoGuevara was convicted of attempted murder, among other offenses. On appeal, AplicanoGuevara challenges only his conviction on the count for attempted murder, arguing the trial court erred by not providing an instruction for assault with a deadly weapon under Penal Code section 245, subdivision (a)(1), as a lesser included offense.[1] We conclude the trial court did not err. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In an amended information, AplicanoGuevara was charged with eight counts. Because only count 1 is at issue on this appeal, we focus only on it. Count 1 charged AplicanoGuevara with the attempted murder of J.C. (§§ 664, subd. (a), 187, subd. (a); count 1). As to count 1, the amended information also alleged AplicanoGuevara inflicted great bodily injury on J.C. under circumstances involving domestic violence (§ 12022.7, subd. (e)) and used a knife, which was a deadly weapon (§ 12022, subd. (b)(1)).

The case proceeded to a jury trial. Among other things, testimony at trial showed that, in November 2020, J.C. drove a woman home, to the woman's apartment. J.C. was driving the woman's car, while his uncle, R.C., followed in a different car so he could drive J.C. home after they dropped off the woman and her car. Before they reached the woman's apartment, however, a pickup truck pulled in front of and blocked the car J.C. was driving. AplicanoGuevara got out of his pickup truck, hit the window of the car J.C. was driving, and punctured a tire with a knife. The woman told J.C. that AplicanoGuevara was her ex, said she could control him, and opened the car door. At that point, AplicanoGuevara hit the woman with his fist and then entered the car and struck J.C. AplicanoGuevara and J.C. both exited

_____

[1] All undesignated statutory references are to the Penal Code.

the car, and R.C. also exited his car. R.C. saw AplicanoGuevara threaten J.C. with a knife and heard him say he was going to kill him. AplicanoGuevara and R.C. struggled, and AplicanoGuevara stabbed J.C. in the stomach with the knife and ran away.

With respect to count 1, the trial court denied AplicanoGuevara's request that the jury be given an instruction for assault with a deadly weapon as a lesser included offense for count 1.

The jury found AplicanoGuevara guilty on most of the counts, including count 1, and on that count also found true the enhancements for great bodily injury under section 12022.7, subdivision (e), and use of a deadly weapon under section 12022, subdivision (b)(1). The trial court sentenced him to 12 years imprisonment.

DISCUSSION

On appeal, AplicanoGuevara argues the trial court erred by not instructing on assault with a deadly weapon (§ 245, subd. (a)(1)) as a lesser included offense of attempted murder. We disagree.

"A trial court has a sua sponte duty to 'instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser.'" (*People v. Shockley* (2013) 58 Cal.4th 400, 403.) "To determine if an offense is lesser and necessarily included in another offense for this purpose, we apply either the elements test or the accusatory pleading test. 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former.'" (*Id.* at p. 404.)

3

AplicanoGuevara concedes "[a]ssault with a deadly weapon in violation of section 245, subdivision (a)(1) is not a lesser included offense of attempted murder." (See *People v. Parks* (2004) 118 Cal.App.4th 1, 6 ["Under the statutory elements test, assault with a firearm is not included within attempted murder"].) He nevertheless argues that, based on the specific charges in his case, assault with a deadly weapon *is* a lesser included offense of attempted murder because the enhancement for use of a deadly weapon also should be considered.

In *People v. Wolcott* (1983) 34 Cal.3d 92 (*Wolcott*), the California Supreme Court "reject[ed] [the defendant's] contention that the trial court should have instructed *sua sponte* that assault with a deadly weapon is a lesser included offense in a charge of robbery enhanced by use of a firearm." (*Id.* at p. 96.) The California Supreme Court explained it "adhere[d] to the majority view that an allegation of firearm use under section 12022.5 should not be considered in determining lesser included offense." (*Id.* at p. 101.) We are bound to follow the California Supreme Court's decision and therefore reject AplicanoGuevara's argument that the enhancement should be considered here in determining a lesser included offense. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) As the court explained in *People v. Alarcon* (2012) 210 Cal.App.4th 432 (*Alarcon*): "Following *Wolcott*, courts have concluded that under the accusatory pleading test, gun use and great bodily injury enhancement allegations accompanying an attempted murder charge do not render assault with a deadly weapon a lesser included offense of the charged attempted murder." (*Id.* at p. 436; see also *People v. Bragg* (2008) 161 Cal.App.4th 1385, 1398 [relying on *Wolcott* and stating "[t]he allegations of an enhancement must therefore be ignored in determining necessarily included offenses to a charge of attempted murder"].)

4

AplicanoGuevara acknowledges the holding in *Wolcott* "has been affirmed in a number of cases," and indicates he "raises this issue to preserve it for future federal review." But he also argues *Wolcott* "is no longer good law." According to AplicanoGuevara, the United States Supreme Court's decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) "and its progeny have eliminated any distinction between elements of a crime and conduct enhancements."[2] AplicanoGuevara further asserts, "[b]ecause there is no principled basis to distinguish between a conduct enhancement and a substantive offense, the accusatory pleading test for determining when an instruction is required for a lesser included offense should consider conduct enhancements." We cannot agree.

In *Apprendi*, the defendant pleaded guilty to certain offenses, and the trial court found by a preponderance of the evidence that an enhancement applied. (*Apprendi, supra*, 530 U.S. at pp. 470–471.) The United States Supreme Court articulated the question presented to it as "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." (*Id.* at p. 469.) The court held that the answer to that question is yes: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490.) In short, the *Apprendi* holding was about the right to a jury trial; it

---

[2] AplicanoGuevara also references the United States Supreme Court's decisions in *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220.

5

had nothing to do with lesser included offenses and when instructions concerning them must be given.

In *Alarcon, supra*, 210 Cal.App.4th at p. 436, the Court of Appeal rejected an argument similar to the one AplicanoGuevara advances here. In that case, the defendant "was convicted of attempted murder and shooting at an occupied motor vehicle," and the jury found true gun use allegations. (*Id.* at pp. 434–435.) The court rejected the defendant's argument that, under *Apprendi*, "the gun enhancement allegations in the accusatory pleading required the trial court to instruct the jury regarding assault with a deadly weapon as a lesser included offense of attempted murder." (*Alarcon*, at pp. 434–435.) The court explained *Apprendi* established "that an enhancement allegation specifies an element of a greater crime only for certain purposes *not* encompassing the accusatory pleading test."[3] (*Alarcon*, at p. 436.)

Moreover, in at least three cases, the California Supreme Court has noted the limited scope of *Apprendi*. (See *Alarcon, supra*, 210 Cal.App.4th at pp. 437–438.) In *Porter v. Superior Court* (2009) 47 Cal.4th 125, the court stated, "*Apprendi* did not convert the penalty allegations here into actual elements of greater offenses for purposes of the statutory double jeopardy protection of section 1023." (*Id.* at p. 138.)[4] In *People v. Izaguirre* (2007) 42

---

[3] The court in *Alarcon* also rejected the defendant's argument that *Wolcott* had been overruled by the California Supreme Court's decision in *People v. Seel* (2004) 34 Cal.4th 535. (*Alarcon, supra*, 210 Cal.App.4th at pp. 436–438.)

[4] In a footnote in *Apprendi*, the United States Supreme Court noted, "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the

Cal.4th 126, the court rejected the defendant's argument that "enhancements must be treated as legal elements under the multiple conviction rule" and concluded *Apprendi* was inapposite. (*Izaguirre*, at pp. 128–129.) And in *People v. Sloan* (2007) 42 Cal.4th 110, the court noted "enhancements are neither recognized nor considered in determining whether the defendant can be convicted of multiple charged crimes based on necessarily included offenses," and "[t]his result is also in accord with the longstanding rule that enhancements may not be considered as part of an accusatory pleading for purposes of identifying lesser included offenses." (*Id.* at p. 114.)

In sum, we conclude *Apprendi* did not overrule *Wolcott*, and that *Wolcott* remains controlling here.

AplicanoGuevara raises another argument: He contends "[t]he equal protection clause also requires that the accusatory pleading test consider conduct enhancements." Citing *In re Eric J.* (1979) 25 Cal.3d 522, 530, and *People v. Macias* (1982) 137 Cal.App.3d 465, 472, AplicanoGuevara asserts, "'[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'" AplicanoGuevara argues, "[i]n the instant case, a defendant who is charged solely with a substantive crime is similarly situated to a defendant who is charged with a substantive crime and an enhancement," "[t]he defendant who is charged with a substantive crime has a right under California law to

---

jury's guilty verdict. Indeed, it fits squarely within the usual definition of an 'element' of the offense." (*Apprendi, supra*, 530 U.S. at p. 494, fn. 19.) In *Porter v. Superior Court*, the California Supreme Court noted that *Apprendi*'s "'functional equivalent' statement" does not require courts "to treat penalty allegations as if they were actual elements of offenses for all purposes under state law." (*Porter v. Superior Court, supra*, 47 Cal.4th at p. 137.)

instructions on all lesser included offenses," and "[a] defendant who is charged with a substantive crime and an enhancement should have the same right to instructions on lesser included offenses." He further argues, "[t]here is no rational basis or government interest in treating differently persons charged solely with a substantive crime from persons charged with a substantive crime and an enhancement." We conclude AplicanoGuevara has shown no equal protection violation.

For starters, AplicanoGuevara has not shown similarly situated groups are treated in an unequal manner.[5] AplicanoGuevara says his "equal protection argument is rooted in the fact that *Apprendi* obliterated the distinction between elements of a crime and enhancement allegations." As we have shown above, however, *Apprendi* did not eliminate the differences between offenses and enhancements for all purposes. (See *People v. Izaguirre, supra*, 42 Cal.4th at p. 134 [noting "[c]onduct enhancements cannot be imposed standing alone as additional punishment" and "[f]or that reason alone, an enhancement cannot be equated with an offense"].)

Additionally, AplicanoGuevara has shown no difference in treatment here. A defendant charged with attempted murder without an

---

[5] In *People v. Hardin* (2024) 15 Cal.5th 834, the California Supreme Court held, "when plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection, courts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question. The only pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review. The burden is on the party challenging the law to show that it is not." (*Id.* at pp. 850–851.) The court further noted, "[t]o be clear, we cast no doubt on the utility of 'similarly situated' inquiries in other contexts." (*Id.* at p. 851.) AplicanoGuevara does not argue the test articulated in *Hardin* applies here.

enhancement for use of a deadly weapon would not be entitled to an instruction for assault with a deadly weapon as a lesser included offense. Thus, in terms of jury instructions, such a defendant would receive the same treatment as AplicanoGuevara.

Accordingly, the trial court's decision to not instruct on assault with a deadly weapon as a lesser included offense of attempted murder did not violate AplicanoGuevara's equal protection rights.

DISPOSITION

The judgment is affirmed.



GOODING, J.

WE CONCUR:


MOTOIKE, P. J.


SANCHEZ, J.

9